CHARLES L. BLANDING *vs.* WILLIAM F. SAYLES.

PROVIDENCE—MARCH 1, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Waiver of Jury Trial.*

The provisions of Gen. Laws R. I. cap. 239, § 1, relating to the certifying of cases to the Appellate Division in which a jury trial is waived by agreement of parties, contemplate only those cases in which the jury trial is expressly waived by an agreement to that effect and not those in which the waiver is by operation of law, though resulting from an agreement entered into by the parties for another purpose.

(2) *Report of Auditor.*

Under the provisions of Gen. Laws R. I. cap. 245, § 17, the decision of the Common Pleas Division upon the reception of an auditor's report is final, subject to the right of parties to claim a jury trial where the same has not been waived. Such decision cannot be reviewed by the Appellate Division.

The word "court" as used in Gen. Laws R. I. cap. 245, § 10, implies the Common Pleas Division.

ASSUMPSIT for money had and received. Heard on defendant's petition for new trial, on exceptions to judgment of Common Pleas Division confirming report of an auditor and overruling defendant's exceptions to the report. New trial denied.

MATTESON, C. J. This is assumpsit for money had and received. After the jury had been empaneled for trial of the case in the Common Pleas Division, the parties entered into an agreement in writing for the appointment of an auditor to hear the parties, examine their vouchers and evidence, state accounts, and report all matters in the action to the court. Thereupon the court directed the entry of the agreement as its order, and a commission to the auditor was accordingly issued by the Common Pleas Division. The auditor heard the case and filed his report. The defendant excepted to the report, but his exceptions were overruled by the Common Pleas Division and the report confirmed. Thereupon the defendant petitioned for a new trial.

(1)    Gen. Laws R. I. cap. 245, § 18, provides that "Every

reference to referees or auditors under the provisions of this chapter, when made by agreement of all the parties, shall be deemed a waiver of any claim for jury trial." Gen. Laws R. I. cap. 239, § 1, provides, among other things, that whenever in the Common Pleas Division jury trial is waived by agreement of the parties, the case shall be certified to the Appellate Division for final determination.

The first question which is raised by the defendant's petition for new trial is whether, on the filing of an agreement in the Common Pleas Division for reference of the case to an auditor, made by all the parties, the case should be certified to the Appellate Division and the commission to the auditor issued by that Division.

Defendant contends that, inasmuch as by cap. 245, § 18, the filing of the agreement is deemed to be a waiver of a claim for jury trial, the case should be treated as one in which the parties have expressly waived a jury trial, and consequently should be certified to the Appellate Division in accordance with cap. 239, § 1, and the commission should be issued by that Division; and in this connection he calls attention to Gen. Laws R. I. cap. 245, § 10, which enacts that " Whenever a case is at issue in the Common Pleas Division of the Supreme Court in any way involving accounts, the court of its own motion, or on application of either party in proper case, may appoint one or more auditors to hear the parties," &c., and suggests that the use of the word " court " does not restrict the appointment to the Common Pleas Division, but leaves it to the Appellate Division.

We think, however, that this is not the proper construction of the statutes. We think that the provision of cap. 239, § 1, relating to the certifying of cases to the Appellate Division, in which a jury trial is waived by agreement of parties, contemplates only those cases in which the jury trial is expressly waived by an agreement to that effect, and not those in which the waiver is by operation of law, though resulting from an agreement entered into by the parties for another purpose. Though cap. 245, § 10, uses the word " court," we think it is clearly implied that by " court " is

meant the Common Pleas Division in which the case is at issue. This is perfectly certain where the auditor is appointed by the court on its own motion or on the application of one of the parties, and we see no reason for a different procedure when the auditor is appointed on the application or agreement of both parties ; and see, as to the construction of the word "court," Gen. Laws R. I. cap. 26, § 21.

(2)     The second question presented by the record is whether the decision of the Common Pleas Division on exceptions to the auditor's report can be reviewed in this Division on petition for a new trial. We do not think that it can be so reviewed. Cap. 245, § 17, is as follows : "The court upon the reception of the report, if no legal cause be shown against the allowance of the same, shall render such decision thereon as to right and justice shall appertain ; such decision to be final, unless within two days thereafter the plaintiff or defendant shall, in writing, file with the clerk of the court in which said case is pending, a demand for jury trial, if the same has not been waived." To permit a petition for a new trial for review of the decision of the Common Pleas Division would ignore the words "such decision to be final."

In this view of the case it becomes unnecessary to consider the other questions argued by the parties.

Petition for new trial denied, and case remitted to the Common Pleas Division.

*Miller & Carroll*, for plaintiff.

*Edwards & Angell, and Albert Gerald*, for defendant.